East'n. District
*July*, 1826.

Thomas & Al.
*vs.*
Woods & al.

The plaintiff must clearly make out his case; he will fail if he makes it probable only.

## THOMAS & AL. vs. WOODS & AL.

Appeal from the court of the first district.

Martin, J., delivered the opinion of the court. The plaintiffs state, that the defendants, on the 18th of June, 1818, in Philadelphia, subscribed a note, in the name of Echols & Drake of Nashville, and delivered it to the plaintiffs, as the price of sundry goods furnished by them, which the defendants informed them were purchased for the said Echols & Drake; that the defendants, at the time of the purchase of the goods, and the execution of the note, said they would guarantee its payment, and after its maturity acknowledged their responsibility; yet, &c. The general issue was pleaded, the plaintiffs had judgment, and the defendants appealed.

Willis, who was an apprentice of the plaintiffs at the time of the sale, deposed, that from the conversation of the parties at the time, the impression on his mind was, that the defendants were bound to pay the note at its maturity, and made themselves responsible for the goods.

East'n. District.
*July,* 1826.

THOMAS & AL.
*vs.*
WOODS & AL.

Davis deposed that he presented the note to one of the defendants (not the one who had executed the note) and asked whether he would pay it, and where Echols & Drake would be found; he was answered, owing to some late disappointment, Echols & Drake were not in a situation to pay the note, and the defendants considered themselves as responsible.

The purchase of the goods and the execution of the note were proven. It was also proven that the defendants had purchased goods in Philadelphia, for themselves and others, and paid for the latter without difficulty; and as far as negative testimony can go, it was shown Echols & Drake were never in Philadelphia, nor any of them, nor were they known to the plaintiffs.

The defendants showed they were authorised by Echols & Drake to make the purchase for them. They produced a letter of the plaintiffs, dated upwards of ten months after the maturity of the note, in which their aid and influence is requested, in the collection of its amount; and they are called upon for a small balance due by them, with a request that if the note be paid, its amount may

East'n. District. accompany the balance.    The plaintiffs state
*July*, 1826. their great need of money, and complain of
THOMAS & AL. the difficulties of the times.
*vs.*
WOODS & AL.    They introduced a law of the state of Tennessee, which declares the oral assumption of the debt of another of no effect.

We find it very clear that the purchase of the goods was made by the defendants, as the agents of Echols & Drake, and that they executed a note for their principals; so that they are not liable as vendees.   We are then only to inquire whether to the contract of sale, in which they acted only as agents, they superadded another contract, by which they incurred the obligation of guarantying the payment of the note.

The evidence of this second contract is presented in the deposition of the two witnesses of the plaintiffs, Willis and Davis.

The first refers us to the impression his mind received from conversations, the detail of which he does not give us, and which, from his young age at the period and the time that has since elapsed, cannot be very fresh in his memory.   He swears to no fact, but to his opinion; and it would be hard to compel the defendants to pay, because a lad, who was

present at the sale, concluded that men who bought goods from his master, for a person living far away, and unknown to the vendor, and gave their note, though in the name of the vendees, were bound to take up the note.

The plaintiffs' letter to the defendants, written under the pressure of pecuniary want, ten months after Echols & Drake ought to have paid; and when, if the plaintiffs considered the defendants as liable, they might have demanded payment from the latter, asks only their aid and influence in disposing Echols & Drake to pay; and requests that the amount of the note may be sent by the defendants after they themselves have received it from Echols & Drake. From this letter a light presumption certainly arises that the plaintiffs did not consider the defendants as liable to pay Echols and Drake's note.

The district judge has believed there was some evidence against the defendants, in a part of the testimony, that they at times did pay without difficulty, for goods purchased by them, as agents for their friends in Tennessee. This may be owing to such friends having placed funds in their hands; their being indebted to such friends, or willing to accom-

modate them; but from none of these circumstances may it be inferred that when they avowedly purchased as agents, and made contracts as such, they are in every future case to be considered as binding themselves as principals or sureties.

If the plaintiffs therefore succeed in this court, they must do so on Davis' testimony. He swears the partner in Nashville (not the one with whom the plaintiffs treated in Philadelphia) told him they, the defendants, considered themselves as responsible.

He who has become legally bound to pay the debt of another, is certainly compelled to discharge it, as he has made it his own; but of this fact he has a right to require full and legal proof.

In Tennessee, it appears none are legally bound by the oral assumption of another's debt. If it were not for this statute, the plaintiffs urge that on their admission of responsibility the law implies a promise, and raises an obligation to pay. It is therefore clear, that as the promise would not be implied, nor the obligation raised in the courts of Tennessee, the defendants must be equally safe in the tribunals of another country.

East'n. District.
*July*, 1826.

THOMAS & AL.
*vs.*
WOODS & AL.

But it is urged this is no new promise; but it is an admission by one of the partners that the other member of the firm had bound it by a contract, some time before in Philadelphia: this does not necessarily follow.

The partner who made the admission of the firm's responsibility, might have erroneously concluded that its signature at the foot of the note, *for Echols & Drake*, bound it; and it is useless to inquire whether this error of law would conclude it.

But this admitted responsibility may have been the result of a disposition to accommodate either Echols & Drake or the plaintiffs, on a supposition, that by some means or other, funds of the real debtors could be secured.

Let it be granted that it is possible that the admission resulted from the erroneous belief, and that the error is fatal; probability alone does not authorise us to condemn. The plaintiff must make his case certain; it is not enough he makes it probable.

We conclude the district court erred.

It is therefore ordered, adjudged, and decreed that the judgment be annulled, avoided,

East'n. District.
July, 1826.

THOMAS & AL.
vs.
WOODS & AL.

and reversed, and that there be judgment for the defendants, with costs in both courts.

*Maybin* for the plaintiffs, *Peirce* for the defendants.